## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED;
JOHN MEGGS, and CARLOS CUESTA,

     Plaintiffs,

v.

CHAMBERS PLAZA, LLC; DILLON
COMPANIES, LLC and HZ OPS
HOLDINGS, INC.,

     Defendants.
_____/

## **COMPLAINT**

Plaintiffs, ACCESS 4 ALL INCORPORATED, JOHN MEGGS and CARLOS CUESTA individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sue CHAMBERS PLAZA, LLC, DILLON COMPANIES, LLC and HZ OPS HOLDINGS, INC., (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not For Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

5. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between Los Angeles County, California and Denver County, Colorado, and is otherwise *sui juris*.

6. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who splits his time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, CARLOS CUESTA, is also a member of the Florida Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

7. At all times material, Defendant, CHAMBERS PLAZA, LLC (hereinafter "CHAMBERS PLAZA, LLC."), was and is a Limited Liability Company organized under the laws of the state of Colorado, with its principal address in Aurora, Colorado.

8. At all times material, Defendant, CHAMBERS PLAZA, LLC, owned and operated a place of public accommodation located at 15037 E Colfax Ave, Aurora, Colorado and 15007 E Colfax Ave, Aurora Colorado (hereinafter the "Commercial Property"). The plaza property holds itself out to the public as "Chambers Plaza".

9. At all times material, Defendant, DILLON COMPANIES, LLC, was a Limited Liability Company, incorporated under the laws of the state of Kansas with its principal place of business in Cincinnati, Ohio.

10. At all times material, Defendant, DILLON COMPANIES, LLC, owned and operated a commercial supermarket business at 15109 E Colfax Avenue, Aurora, Colorado 80010[1]

---

[1] Property Address is located within the commercial property 15037 E Colfax Ave, Aurora, Colorado, owned by Defendant, CHAMBERS PLAZA, LLC.

(hereinafter the "Commercial Business"). The Commercial Property holds itself out to the public as "King Soopers."

11. At all times material, Defendant, HZ OPS HOLDINGS, INC., was a corporation, incorporated under the laws of the state of Delaware with its principal place of business in Sugarland, Texas.

12. At all times material, Defendant, HZ OPS HOLDINGS, INC, owned and operated a commercial restaurant business at 15199 E Colfax, Ave, Aurora, Colorado[2] (hereinafter the "Commercial Business"). The Commercial Property holds itself out to the public as "Popeye's."

13. Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Aurora, Colorado, Defendants regularly conduct business within Aurora, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Aurora, Colorado.

FACTUAL ALLEGATIONS

14. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

15. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein.

16. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

---

[2] Property Address is located within the commercial property 15007 E Colfax Ave, Aurora Colorado, owned by Defendant, CHAMBERS PLAZA, LLC.

3

17.     Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff JOHN MEGGS requires the use of a wheelchair to ambulate.

18.     Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

19.     ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. ACCESS 4 ALL INCORPORATED, has also been discriminated against because of its association with its disabled members and their claims.

20. Defendant, CHAMBERS PLAZA, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Aurora, Colorado, that is the subject of this Action.

21. Defendant, DILLON COMPANIES, LLC, owns, operates and/or oversees the King Soopers supermarket business located in Aurora, Colorado, that is the subject of this Action.

22. Defendant, HZ OPS HOLDINGS, INC., owns, operates and/or oversees the Popeye's restaurant business located in Aurora, Colorado, that is the subject of this Action.

23. The subject Commercial Property is open to the public and is located in Aurora, Colorado.  The individual Plaintiff, JOHN MEGGS visits the Commercial Property regularly, to include a visit to the property on or about March 14, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

24. The subject Commercial Property is open to the public and is located in Aurora, Colorado.   The individual Plaintiff, CARLOS CUESTA visits the Commercial Property regularly, to include a visit to the property on or about March 1, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

25. Plaintiffs, JOHN MEGGS and CARLOS CUESTA visited the Commercial

Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.  Plaintiffs, JOHN MEGGS and CARLOS CUESTA spend much of their time in and near Denver County, Colorado, in the same state as the Commercial Property, have regularly frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intend to return to the property within four (4) months' time of the filing of this Complaint.

26.     The Plaintiffs found the Commercial Property to be rife with ADA violations. The Plaintiffs encountered architectural barriers at the Commercial Property and wish to continue their patronage and use of the premises.

27.     The Plaintiffs, JOHN MEGGS and CARLOS CUESTA have encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.   The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiffs' ability to visit the Commercial Property and endangered their safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs, JOHN MEGGS and CARLOS CUESTA and others similarly situated.

28.     Defendants, CHAMBERS PLAZA, LLC; DILLON COMPANIES, LLC and HZ OPS HOLDINGS, INC., own/or and operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, CHAMBERS PLAZA, LLC, DILLON COMPANIES, LLC and HZ OPS

HOLDINGS, INC., own and operate is the Commercial Property business located at 15037 E Colfax Ave, Aurora, Colorado and 15007 E Colfax Ave, Aurora Colorado.

29. Plaintiffs, ACCESS 4 ALL INCORPORATED, JOHN MEGGS and CARLOS CUESTA, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in this Complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiffs desire to visit the Commercial Property and business located within the Commercial Property, not only to avail themselves of the goods and services available at this Commercial Property and business therein, but to assure that the property and businesses therein are in compliance with the ADA, so that they and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

30. Plaintiffs, JOHN MEGGS and CARLOS CUESTA, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in Counts I through III of this Complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiffs, JOHN MEGGS and CARLOS CUESTA desire to visit the Commercial Property and business located within the Commercial Property, not only to avail themselves of the goods and services available at this Commercial Property and business therein, but to assure that the property and business therein are in compliance with the ADA, so that they and others similarly

situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS
## AS TO CHAMBERS PLAZA, LLC

31. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

32. Defendant, CHAMBERS PLAZA, LLC, has discriminated against the individual Plaintiffs, CARLOS CUESTA and JOHN MEGGS by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

33. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiffs encountered during their respective visits to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. John Meggs was unable to find properly identified accessible spaces, due to missing signs, violating ADAAG Section 4.6 and ADAS Section 502.

ii. Carlos Cuesta was impeded from accessing Popeyes where only 0 parking spaces are designated for disabled use, from a total of spaces, violating Sections 4.1.2 and 4.6.1 of the ADAAG and 2010 ADAS Table 208.2 which results in needing to use further inaccessible spaces on numerous occasions.

iii. Accessible spaces lack compliant aisles, they are 0" (< 60" wide) impeding Carlos Cuesta from unloading and violating the ADAAG and ADAS Section 502.

iv. Popeyes has 0 van spaces where 1 are required, preventing Carlos Cuesta and other disabled patrons safely unloading from vans violating ADAAG Section 4.1.2 (5)(b) and Section 502 of the 2010 ADAS.

v. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing Carlos Cuesta from safely accessing Popeyes without rest or assistance.

vi. Carlos Cuesta was unable to find signs posted at insufficient heights of 0" (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

### COUNT II – ADA VIOLATIONS AS TO CHAMBERS PLAZA, LLC and DILLON COMPANIES, LLC

34. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

35. Defendants, CHAMBERS PLAZA, LLC and DILLON COMPANIES, LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

36. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are

9

not limited to, the following:

    A. <u>Access to Goods and Services</u>

i. Counters are in excess of 36", preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

ii. Water fountain(s) in the facility do not meet prescribed requirements for use by disabled patrons. The fountain has no clear floor space, impeding John Meggs, in violation of Section 4.15 of the ADAAG.

iii. Controls are inaccessible, mounted beyond reach of wheelchair users preventing use by John Meggs.

    B. <u>Restrooms</u>

i. There are exposed pipes in restrooms at King Soopers, causing safety issues for John Meggs, violating Section 4.19.4 of the ADAAG.

ii. There are exposed pipes in restrooms at King Soopers, causing safety issues for John Meggs, violating Section 4.19.4 of the ADAAG.

iii. John Meggs unable to use Mirror due to bottom-reflecting surface 41.5 (40" AFF max), violating the ADAAG and 2010 ADAS.

iv. John Meggs is unable to reach Dispenser controls 60" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

v. John Meggs is unable to reach Dispenser controls 58" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

vi. John Meggs is unable to reach Dispenser controls 52" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

vii. John Meggs is unable to reach Dispenser controls 58" AFF (48" AFF max), which exceed

      limits in ADAAG and 2010 ADAS Sec. 308.

viii. John Meggs is unable to reach Dispenser controls 50" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

ix. Grab bars and/or transfer space not provided in the stall, endangering John Meggs, violating ADAAG Section 4.17.

## COUNT III – ADA VIOLATIONS AS TO CHAMBERS PLAZA, LLC and HZ OPS HOLDINGS, INC.

37. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

38. Defendants, CHAMBERS PLAZA, LLC and HZ OPS HOLDINGS, INC., have discriminated against the individual Plaintiff CARLOS CUESTA by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

39. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

  A. <u>Access to Goods and Services</u>

i. Carlos Cuesta cannot access the restroom at Popeyes because the Restroom door has improper hardware, violating Section 4.13.9 of the ADAAG.

ii. Sinks mounted 35" AFF (34" max) to rims, denying access to Carlos Cuesta, violating

      ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

iii. Carlos Cuesta cannot safely transfer to water closet at Popeyes due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

iv. Carlos Cuesta is unable to reach Dispenser controls 53" AFF (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

v. Grab bars < 36" do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Carlos Cuesta.

vi. Grab bars and/or transfer space not provided in the stall, endangering Carlos Cuesta, violating ADAAG Section 4.17.

vii. Toilet has improper centerline 20" from side wall; (16" to 18"), denying access to Carlos Cuesta, violating the 2010 ADAS.

## RELIEF SOUGHT AND THE BASIS

40. The discriminatory violations described in Counts through III are not an exclusive list of the Defendants' ADA violations. Plaintiffs request an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS and/or CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiffs request the inspection in order to participate in crafting a remediation plan to address Plaintiffs' request for injunctive relief.

41. The individual Plaintiffs, and all other individuals similarly situated, have been

denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiffs further request a remediation plan and the opportunity to participate in the crafting of the remediation plan.

42. Defendants have discriminated against the individual Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

43. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiffs have retained the undersigned counsel and

is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

44.     While Defendant, CHAMBERS PLAZA, LLC as landlord and owner of the Commercial Property, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

45.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

46.     Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

47.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Aurora, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED, JOHN MEGGS; and

CARLOS CUESTA, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 18, 2022

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiffs*
        1600 Broadway, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 386-7208
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mail: dperaza@lawgmp.com and bvirues@lawgmp.com.

        By: _____*/s/ Anthony J. Perez*_____
            ANTHONY J. PEREZ
            BEVERLY VIRUES